IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION AS RECEIVER FOR**
**FIRST NBC BANK,**

        **Petitioner,**
v.                                                     MISC. No._____

**DANIEL BELCHER,**

        **Respondent.**
_____

### PETITION FOR SUMMARY ENFORCEMENT OF ADMINISTRATIVE SUBPOENA

The Federal Deposit Insurance Corporation as Receiver for First NBC Bank ("FDIC-R") petitions this Court for summary enforcement of an administrative subpoena for deposition served on Daniel Belcher ("Belcher"), who formerly served as an auditor with Ernst & Young LLP ("EY"). In support of this Petition, the FDIC-R states as follows:

### THE PARTIES

1. The FDIC is a government corporation organized under the Federal Deposit Insurance Act, as amended. *See* 12 U.S.C. §§ 1811–1833e. The FDIC is authorized by statute to, among other things, act as an appointed receiver for failed insured depository institutions, including insolvent state depository institutions insured by the FDIC. *See* 12 U.S.C. §§ 1819, 1821(c).

2. The FDIC-R brings this action in its capacity as the duly appointed receiver for First NBC Bank ("FNBC" or "Bank'), which was closed by the Louisiana Office of Financial Institutions on April 28, 2017.

3. On information and belief, Mr. Belcher resides at 7544 Plum St., New Orleans, LA 70118. Mr. Belcher was employed by EY and performed audit services relating to EY's audits of FNBC in this judicial district.

## JURISDICTION AND VENUE

4. The Court has personal jurisdiction over Mr. Belcher because he is domiciled in this judicial district.

5. The Court has subject matter jurisdiction under 12 U.S.C. § 1818(n), 12 U.S.C. § 1819(b)(2)(A), and 28 U.S.C. §§ 1331 & 1345. In particular, the FDIC-R may apply to enforce its administrative subpoenas in "the United States district court for the judicial district . . . where the witness resides or carries on business, for the enforcement of any subpoena or subpoena *duces tecum* issued pursuant to this subsection, and such courts shall have jurisdiction and power to order and require compliance therewith." 12 U.S.C. § 1818(n); 12 U.S.C. § 1821(d)(2)(I).

6. Because Mr. Belcher is domiciled in this judicial district, this Court is an appropriate venue for the FDIC-R to seek enforcement of its subpoena. 28 U.S.C. § 1391; 12 U.S.C. § 1818(n).

## RIGHTS AND POWERS OF THE FDIC-R
## TO ISSUE ADMINISTRATIVE SUBPOENA FOR DEPOSITION

7. On April 28, 2017, the Louisiana Office of Financial Institutions closed FNBC and appointed the FDIC as receiver.

8. The failure of FNBC caused a loss to the Deposit Insurance Fund currently estimated at over $820 million.

9. The FDIC-R is authorized to investigate the failure of FDIC-insured institutions and to determine the responsibility of professionals, including officers, directors, attorneys,

accountants, and other parties, who provided services to the failed institution. 12 U.S.C. § 1821(d). The FDIC-R also has the authority to pursue claims against these parties. *See* 12 U.S.C. § 1821(k).

10.     The FDIC-R succeeded to any claims against any professionals who provided services relating to FNBC, including all claims arising from their performance, non-performance, or manner of performance of their duties and responsibilities to FNBC. *See* 12 U.S.C. § 1821(d)(2)(A).

11.     The FDIC-R has the authority to issue subpoenas to carry out any power, authority, or duty with respect to failed insured financial institutions, including, without limitation, investigating potential claims against the institution's accountants. *See* 12 U.S.C. §§ 1818(n), 1821(d)(2)(I).

12.     On June 14, 2017, the FDIC-R, pursuant to delegated authority of the FDIC Board of Directors, determined that an investigation into possible wrongdoing by various professionals who provided services relating to FNBC was warranted and issued an Order of Investigation authorizing the use of subpoenas in the course of this investigation. *See* Order of Investigation, attached as Exhibit A.

13.     The Order of Investigation stated that the FDIC-R had received information showing that it was necessary to investigate the acts of the Bank's former accountants, among others, to determine whether:

    a. they may be liable as a result of any acts or failures to act that affected the Bank; and

    b. pursuit of litigation would be cost effective considering the extent of the potential defendants' ability to pay a judgment in any such litigation.

14.     Accordingly, pursuant to the Order of Investigation, the FDIC-R issued a subpoena *duces tecum* to EY seeking records relating to its audit services.

15. Furthermore, the FDIC-R issued subpoenas for administrative depositions of six current and former EY personnel ("Subpoenas"). Counsel representing these individuals accepted service of the Subpoenas. The FDIC-R and counsel representing the witnesses agreed in July 2019 to deposition dates for all six witnesses, beginning with Mr. Belcher on August 29, 2019. A copy of the subpoena for deposition to Mr. Belcher is attached as Exhibit B.

16. The FDIC-R is currently investigating EY's audit services relating to First NBC. The FDIC-R has at least until April 2020 to file any claim against EY relating to its audit services should the FDIC Board of Directors first decide to authorize such an action.

### THE WITNESSES HAVE NO LEGAL BASIS TO REFUSE TO APPEAR FOR ADMINISTRATIVE DEPOSITIONS

17. After agreeing to appear, Mr. Belcher and the other witnesses, at the direction of EY's counsel, now refuse to appear for depositions on the grounds that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18. There is no valid basis for any witness to refuse to appear and provide factual testimony regarding the audits of the Bank. The FDIC-R has the authority to issue administrative subpoenas, administer oaths and to take testimony to investigate the audit services performed by EY, and to determine whether those services were negligently performed and damaged FNBC.

19. While irrelevant to the Petition, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████   ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

  20.   ████████████████████████████████████████████████████████████

████████████████████████████

  ████████████████████████████████████████████████████████████████

  ████████████████████████████████████████████████████████████████

  ████████████████████████████████████████████████████████████████

  ████████████████████████████████████████████████████████████████

  ████████████████████████████████████████████████████████████████

  ████████████████████████████████████████████████████████████████

  ██████████████████   ████████████████████████████████████████████

  ████████████████████████████████████████████████████████████████

  ████████████████████████████████████████████████████████████████

████████████████████████

  21.   ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████

  22.   In any event, these witnesses have no legitimate grounds to refuse compliance with a lawful investigation into their audit services to a federally-insured financial institution that failed causing over $820 million in losses to the FDIC Deposit Insurance Fund.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner seeks an Order from this Court enforcing the Administrative Subpoena and (i) directing Mr. Belcher to appear promptly for an administrative deposition, and (ii) awarding such other relief as this Court deems just and proper, including all costs associated with enforcing the Administrative Subpoena.

DATED:  September 11, 2019                         Respectfully submitted,

/s/  Bryan C. Reuter
Bryan C. Reuter, 23910
Stanley, Reuter, Ross, Thornton & Alford, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, LA 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
bcr@stanleyreuter.com

*Attorney for the Federal Deposit Insurance Corporation, as Receiver for First NBC Bank*